COMMUNITY INSURANCE COMPANY, Appellant, et al.,

v.

HAMBDEN TOWNSHIP, Appellee, et al.■

[Cite as *Community Ins. Co. v. Hambden Twp.* (1998), 129 Ohio App.3d 609.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 97–G–2115.

Decided Aug. 31, 1998.

*Kreiner & Peters Co., L.P.A.,* and *Gilbert E. Blomgren,* for appellant.

*Abraham Cantor,* for appellee.

CHRISTLEY, Presiding Judge.

This is an accelerated calendar appeal. Appellant, Community Insurance Company, appeals the decision of the Geauga County Court of Common Pleas which granted partial summary judgment in favor of appellee, Hambden Township. For the reasons that follow, we affirm the judgment of the trial court.

On February 3, 1997, appellant brought a subrogation action against appellee and the Geauga County Board of Elections to recover $37,585.65 in medical expenses paid out to its insured, Frances Nutter ("Nutter"). After voting in a special election held at the Hambden Township hall in February 1995, Nutter allegedly slipped and fell on an unnatural accumulation of ice and snow, sustaining injuries. Appellant thus alleged that it became subrogated to the amount of $37,585.65 by virtue of the subrogation provision contained in its contract of insurance with Nutter.

Nutter had also filed suit, and the two cases were consolidated below. Summary judgment was subsequently granted in favor of the Geauga County Board of Elections as to both appellant and Nutter. Nutter took an appeal of that decision to this court, which is currently pending in a companion case.[1]

Then, on August 28, 1997, appellee moved the court for partial summary judgment in its favor as to appellant's subrogation claim. Appellee asserted that appellant's subrogation claim was barred by R.C. 2744.05(B), which prohibits an insurer from bringing a subrogation action against a political subdivision.

Appellant filed a brief in opposition to the motion on September 26, 1997, alleging that R.C. 2744.05(B) was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 1001 *et seq.*, Title 29, U.S.Code. Appellant asserted that it was the administrator and fiduciary for the Nat Farinacci and Son Employee Benefit Plan, a fully insured ERISA plan established by Nat Farinacci and Son, Inc. to provide medical benefits to its employees and their dependents. Nutter was a covered member of the plan. Appellant admitted by way of interrogatory that the plan was *not* a self-funded ERISA medical benefit plan.

Both parties thereafter filed response briefs. The trial court rendered judgment in appellee's favor on November 10, 1997. The trial court noted that both parties agreed that the decision of the United States Supreme Court in *FMC Corp. v. Holliday* (1990), 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 was

---

1. Although appellant's notice of appeal in the instant case indicates that it is also appealing the grant of summary judgment in favor of the Geauga County Board of Elections, appellant has failed to present any legal argument as to that issue. Consequently, we will not address the same.

controlling; however, each party asserted that the case supported its position. The trial court found that, based on the facts of the instant case, ERISA did not preempt R.C. 2744.05(B). Consequently, the Ohio statute operated to bar appellant's subrogation action, and partial summary judgment was granted in appellee's favor.[2] The trial court included Civ.R. 54(B) language, thus rendering the judgment a final, appealable order.

Appellant perfected a timely appeal, asserting one assignment of error:

"The trial court erred to the prejudice of appellant/plaintiff Community Insurance Co. in granting summary judgment for appellee/defendant Hambden Township."

Initially, we note that summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48; Civ.R. 56(C). An appellate court will apply this same standard to both the facts and the law at issue in its review. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327–328, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

In the case at bar, the sole controversy between the parties is a legal one. Appellant asserts that its subrogation claim against appellee is not barred by R.C. 2744.05(B) because ERISA preempts the Ohio statute. R.C. 2744.05(B) reads:

"(B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. *No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits.* * * *" (Emphasis added.)

In particular, appellant asserts that the trial court failed to follow federal decisional law, which, according to appellant, required the trial court to find that ERISA preempted the Ohio antisubrogation statute. We disagree.

First, there is no merit to appellant's contention that the trial court failed to follow the relevant federal decisional law interpreting ERISA. On the contrary, the trial court expressly referred to the binding legal authority handed down by

---

2. The case below has been stayed pending the outcome of the two appeals.

the United States Supreme Court in *FMC Corp.* Moreover, as will be discussed, the two applicable federal district court decisions are readily distinguishable from the case at bar. Thus, we believe that the trial court's interpretation of the relevant authority was correct as a matter of law, thereby rendering summary judgment in appellee's favor appropriate.

In *FMC Corp.*, the United States Supreme Court was called upon to decide whether ERISA preempted a Pennsylvania law precluding an employee welfare benefit plan from exercising subrogation rights on a claimant's tort recovery. *FMC Corp.*, 498 U.S. at 54, 111 S.Ct. at 405–406, 112 L.Ed.2d at 362. Unlike the plan at issue in the case at bar, the plan at issue in *FMC Corp.* was self-funded.

The Supreme Court noted that three provisions of ERISA speak to the question of Congress' intent regarding preemption of state statutes. These provisions were known as "the pre-emption clause," "the saving clause," and "the deemer clause." The three clauses operate as follows:

"The pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA. The saving clause returns to the States the power to enforce those state laws that 'regulat[e] insurance,' except as provided in the deemer clause. Under the deemer clause, an employee benefit plan governed by ERISA shall not be 'deemed' an insurance company, an insurer, or engaged in the business of insurance for purposes of state laws 'purporting to regulate' insurance companies or insurance contracts." *Id.* at 58, 111 S.Ct. at 407, 112 L.Ed.2d at 364.

In applying these provisions, the Supreme Court held that self-funded ERISA plans were exempt from state laws that regulate insurance within the meaning of the saving clause. *Id.* at 61, 111 S.Ct. at 409, 112 L.Ed.2d at 366. The court held:

"State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws. *On the other hand, employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws 'purporting to regulate insurance' after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.*" (Emphasis added.) *Id.*

The Supreme Court recognized this distinction between self-funded plans and insured plans in order to give life to Congress' presumed desire to reserve to the

states the regulation of the business of insurance. *Id.* at 63, 111 S.Ct. at 410, 112 L.Ed.2d at 367–368.

Applying the foregoing to the case at bar, we agree with the trial court's decision that R.C. 2744.05(B) was not preempted by ERISA, considering the specific facts of this case. First, we are aware of two federal district court decisions which have held that R.C. 2744.05(B) is preempted under the preemption clause of ERISA. *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.* (N.D.Ohio 1991), 763 F.Supp. 1405, 1409; *Community Ins. Co. v. Richardson* (Nov. 3, 1997), S.D. Ohio No. C–3–96–98, unreported, at 4–5.[3] Appellee, in effect, concedes this by expressly adopting the reasoning of the *Buchman* decision in its appellate brief.

Nevertheless, both of those decisions are distinguishable from the case at bar as both dealt with self-funded plans. As a result, both decisions ultimately held that ERISA's deemer clause excepted the self-funded plans from being considered an insurer within the meaning of the saving clause. Again, the saving clause returns to the states the power to regulate insurance, thus rendering the state statute enforceable so long as it is regulating insurance. Interestingly, both of the above decisions appeared to acknowledge implicitly that R.C. 2744.05(B) was a statute that regulated insurance within the context of the saving clause. The *Community Ins. Co.* court acknowledged, at the very least, that an argument could be made in this regard.

We, likewise, believe that R.C. 2744.05(B) is a statute that regulates insurance within the meaning of ERISA's saving clause. The plain language of the statute reveals that it is directed, in large part, at insurers, *e.g.,* "No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision * * *." As the Supreme Court noted in relation to the statute at issue in *FMC Corp.,* R.C. 2744.05(B) "directly controls the terms of insurance contracts by invalidating any subrogation provisions that they contain" in the context of a subrogation action against a political subdivision. *FMC Corp.,* 498 U.S. at 61, 111 S.Ct. at 409, 112 L.Ed.2d at 366. Indeed, as noted, Ohio's statute does not merely have an impact on the insurance industry; rather, it is aimed directly at it. Cf. *id.* As a result, R.C. 2744.05(B) is removed from ERISA's preemption domain.

Having concluded that R.C. 2744.05(B) is "saved" by ERISA's saving clause, the final step of the analysis turns to whether the subject plan can be "deemed"

---

**3.** Appellant also refers to a third unreported federal district court decision; however, that decision does not involve the application of the pertinent statute at issue herein, R.C. 2744.05(B). See *Community Mut. Ins. Co. v. Wones* (Sept. 6, 1995), S.D. Ohio No. C–3–94–488, unreported..

not to be an insurance company, an insurer, or engaged in the business of insurance for the purposes of state laws regulating insurance. In this context, we have previously indicated that an unequivocal distinction exists between self-funded and insured plans, and that only self-funded plans are entitled to such a characterization pursuant to the pronouncement of the Supreme Court in *FMC Corp.*

We further note that one of the cases cited by appellant expressly recognizes this unequivocal distinction and its application in federal decisional law interpreting *FMC Corp.* In *Electro–Mechanical Corp. v. Ogan* (C.A.6, 1993), 9 F.3d 445, 450, the Sixth Circuit Court of Appeals noted in relation to the decision in *FMC Corp:*

"In analyzing whether Pennsylvania's statute was 'saved' from the effects of the preemption clause by the saving clause and whether it was nonetheless preempted by the deemer clause, the Court drew a clear distinction between ERISA's preemptive effect upon state laws which relate to self-funded employee benefit plans and other employee benefit plans funded by insurance[.]"

The Sixth Circuit noted that following *FMC Corp.*, federal courts have consistently applied this distinction when addressing the ERISA preemption issue.

Applying the foregoing to the case at bar, we conclude that R.C. 2744.05(B) is not, in the final analysis, preempted by ERISA. It was undisputed below that the employee benefit plan at issue was not self-funded. As a result, ERISA's deemer clause does not apply. Accordingly, as R.C. 2744.05(B) was removed from ERISA's preemption domain by virtue of the saving clause, R.C. 2744.05(B) is not preempted by ERISA in this case.

In light of the above, appellant's sole assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

NADER and WILLIAM M. O'NEILL, JJ., concur.